SAMUEL S. FOSS *vs.* AARON P. RICHARDSON & another.

A purchaser of a patent right may recover back the purchase money, if the patent right was not that which he agreed to buy, unless he has accepted a deed describing the right; and in that case he cannot, in the absence of fraud or warranty.

ACTION OF CONTRACT to recover back the purchase money paid for a patent right. Trial and verdict for the plaintiff

in the superior court of Suffolk at January term 1859, before *Huntington,* J., to whose rulings the defendants alleged exceptions. The case is stated in the opinion.

*S. Wells,* for the defendants.

*F. E. Parker,* for the plaintiff, cited to the point that the sale implied a warranty, 1 Smith's Lead. Cas. (5th Amer. ed.) 242; *Defreeze* v. *Trumper,* 1 Johns. 274; *Coolidge* v. *Brigham,* 1 Met. 551; and to the point that the action could be maintained without proof of warranty, 2 Kent Com. (6th ed.) 468, 471, 476; *Hitchcock* v. *Giddings,* 4 Price, 135; *Allen* v. *Hammond,* 11 Pet. 63; *Woodward* v. *Cowing,* 13 Mass. 216; 1 Parsons on Con. 386.

HOAR, J. Upon a careful examination of the bill of exceptions in this case, although the law as stated by the learned judge who presided at the trial was an accurate statement of general legal principles, we are apprehensive that the question upon which the legal rights of the parties must depend has not been submitted to the jury. From an apparent inconsistency between some of the recitals in the bill of exceptions and the pleadings in the case, and from the fact that the counsel for the plaintiff at the argument before us puts his case upon grounds upon which no instructions seem to have been asked or given at the trial, we think that the real matter in issue cannot have been determined, and that a new trial must be directed.

The action is for money had and received by the defendants to the plaintiff's use. The account annexed is for various sums of money paid by the plaintiff to the defendants in the spring and summer of 1854. The facts upon which the plaintiff seeks to recover back the money thus paid do not appear from the amended declaration. But in the bill of exceptions it is said to have been money "paid as a part of the purchase money for, and in consideration of, the sale and conveyance by the defendants to the plaintiff of Jones's patent right for an elastic horseshoe." The evidence showed that by a deed dated May 4th 1854 the defendants conveyed to the plaintiff Jones's patent right for an elastic horseshoe for the territory agreed on, and the jury have not been required to find that this was a void patent or worthless. But there was evidence to

show, and it seems to have been conceded, that the defendants exhibited to the plaintiffs a particular kind of horseshoe, which the jury have found not to be included in Jones's patent, and which does not appear to have been patented, and represented that that was the kind of horseshoe which the specifications of the patent described.

Upon this precise statement of the case, we think it clear that the plaintiff could not maintain the action, in the absence of fraud or warranty, and that the jury should have been so instructed. The contract was in writing. It purported to convey, and did convey, for a consideration' named, a certain interest in Jones's patent, which was a thing in itself a matter of record. It would not be competent to show by parol that it conveyed, or was intended to convey, anything else; or that Jones's patent embraced, in the contemplation of the parties, any other invention or article than that which it did in fact include and describe. If the money was paid for a share in Jones's patent, which was of any value, and the contract in writing was for the conveyance of such share, and the plaintiff received such share, there was no failure of consideration. The previous conversation of the parties was merged in the writing.

But the plaintiff now contends that the only contract between the parties was for the purchase of a patent right to make the kind of horseshoe exhibited to him; that having agreed upon a price, which he afterward paid, the defendants, instead of delivering to him what he had purchased, delivered a deed of Jones's patent, which was a different thing, which he had not purchased, and which he has never accepted; and that there is no such patent as that which the defendants agreed to sell him. This would make a case for the plaintiff. It does not, however, seem to be the case contemplated in the instructions of the court, or established by the verdict of the jury. Whether it can be made out, upon the facts reported, on another trial, with proper instructions as to the law, may admit of serious doubt.

It is undoubtedly true that if a man purchases and pays for one article, and another is sent to him by the vendor, he may refuse to receive it, and demand and recover back the money

which he has paid. If the plaintiff had contracted for the pur-
chase of a piece of land, and a deed of a different piece of land
were sent to him, he need not receive it. But if he did receive
it, and the deed took effect by a complete delivery, which of
course includes an acceptance, he could not recover back the
consideration paid, by showing that both parties understood the
deed to have a different operation and effect from that which
really belonged to it. So in the case at bar, if the plaintiff took
the deed of the patent right, not merely for the purpose of ex-
amination, but as a deed vesting the property in him, and, hav-
ing read it or having opportunity to read it, retained it, acted
under it, and made payments on account of it, we cannot see
how it would be possible for him to recover back the considera-
tion for which the deed stipulated, merely because there had
been a misunderstanding as to the meaning of the deed, or of
the extent of the rights which it conferred, (no fraud being
proved,) without a violation of the rule which forbids the con-
trolling of a written contract by parol evidence.

*Exceptions sustained, and new trial ordered.*